**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALANO SALOMON-CABALLERO, | No. 19-71216 |
| Petitioner, | Agency No. A201-028-153 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021**
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

Petitioner Salano Salomon-Caballero, a native and citizen of Mexico, seeks

review of the immigration judge's (IJ) adverse determination following a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reasonable fear interview.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1]

Reviewing for substantial evidence, that is, whether "any reasonable adjudicator would be compelled to conclude to the contrary," Andrade-Garcia v. Lynch, 828 F.3d 829, 833 (9th Cir. 2016) (internal quotation marks omitted), we deny the petition.

1.  The IJ found "insufficient nexus."  He reasonably could conclude that a group of masked, armed men targeted Petitioner and his family because they wanted to take profit from fertile land, rather than to persecute them on account of membership in the proposed social group of male Mexican landowners.  "[L]andownership may be the basis of a particular social group." Cordoba v. Holder, 726 F.3d 1106, 1114 (9th Cir. 2013).  But merely owning land and being threatened is insufficient; one must show that a persecutor's desire to harm a particular social group was at least "a reason" for the persecution.  See Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017) (holding that an applicant for withholding of removal must show that a protected ground was "a reason" for his persecution).  Generally speaking, an applicant's "desire to be free

---

[1]  The petition is not moot following Petitioner's removal to Mexico, because granting the petition would "at least increase [Petitioner's] chances of being allowed" to return to the United States. Del Cid Marroquin v. Lynch, 823 F.3d 933, 936 (9th Cir. 2016) (per curiam).

2

from harassment by criminals motivated by theft . . . bears no nexus to a protected ground." Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010).

On this record, we are not compelled to disagree with the IJ's conclusion that Petitioner's attackers were motivated by pecuniary gain, rather than by hostility to male Mexican landowners. Petitioner, for instance, suggested that the men may have coveted his good crops, his shops, or even his car.

2. To the extent that Petitioner seeks review of the IJ's denial of protection under the Convention Against Torture, he forfeited that argument. See Tijani v. Holder, 628 F.3d 1071, 1080 (9th Cir. 2010) (holding that this court "generally will not take up arguments not raised in an alien's opening brief before this court").

**PETITION DENIED.**